# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ROBERTA COMPTON,**                                                                                    **PLAINTIFF**

**V.**                                                                                                          **NO. 1:04V182-EMB**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**                                        **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Roberta Compton seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of Social Security Administration (the "Commissioner"), which denied her application for disability insurance benefits under Title II of the Act. The parties in this case have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.

## Procedural History

Plaintiff protectively filed an application for disability benefits on November 27, 2000, alleging a disability onset date of March 20, 2000, due to back problems, knee pain, diabetes, thyroid problems and generalized arthritis. (Tr. 59-61, 68). Her claim was denied initially and on reconsideration, (Tr. 32-45), and a request for hearing was timely filed. (Tr. 46). Plaintiff appeared and testified at a hearing before an administrative law judge ("ALJ") on September 25, 2002 , in Tupelo, Mississippi. (Tr. 250-84). Plaintiff was represented by an attorney. (Tr. 250). After review and evaluation of the medical evidence of record, the subjective testimony at the hearing, (Tr. 257-74), and the testimony of a vocational expert, (Tr. 274-77), the ALJ denied plaintiff's application on November 25, 2002, (Tr. 20-29), finding that plaintiff was not disabled

as defined in the Act. *Id.* Plaintiff then filed a Request for Review of Hearing Decision/Order, which the Appeals Council, after considering additional evidence, denied on April 2, 2004. (Tr.6-9). On this action of the Appeals Counsel, the ALJ's decision thus became the final decision of the Commissioner in this case. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff now seeks judicial review by the district court pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Standard of Review**

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

**Law**

To be considered disabled and eligible for benefits, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for

evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995. The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.[1] *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990). The five-step inquiry terminates if the Commissioner finds at any step that the claimant is or is not disabled. *Leggett v. Chater*,

---

[1] The five-step analysis requires consideration of the following:

First, if the claimant is currently engaged in substantial gainful employment, he or she is found not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Second, if it is determined that, although the claimant is not engaged in substantial employment, he or she has no severe mental or physical impairment which would limit the ability to perform basic work-related functions, the claimant is found not disabled. *Id.* §§ 404.1520(c), 416.920(c).

Third, if an individual's impairment has lasted or can be expected to last for a continuous period of twelve months and is either included in a list of serious impairments in the regulations or is medically equivalent to a listed impairment, he or she is considered disabled without consideration of vocational evidence. *Id.* §§ 404.1520(d), 416.920(d).

Fourth, if a determination of disabled or not disabled cannot be made by these steps and the claimant has a severe impairment, the claimant's residual functional capacity and its effect on the claimant's past relevant work are evaluated. If the impairment does not prohibit the claimant from returning to his or her former employment, the claimant is not disabled. *Id.* §§ 404.1520(e), 416.920(e).

Fifth, if it is determined that the claimant cannot return to his or her former employment, then the claimant's age, education and work experience are considered to see whether he or she can meet the physical and mental demands of a significant number of jobs in the national economy. If the claimant cannot meet the demands, he or she will be found disabled. *Id.* §§ 404.1520(f)(1), 416.920(f)(1). To assist the Commissioner at this stage, the regulations provide certain tables that reflect major functional and vocational patterns. When the findings made with respect to claimant's vocational factors and residual functional capacity coincide, the rules direct a determination of disabled or not disabled. *Id.* § 404, Subpt. P, App. 2, §§ 200.00-204.00, 416.969 (1994)("Medical-Vocational Guidelines").

3

67 F.3d 558, 564 (5th Cir. 1995).

The claimant has the burden of proof under the first four parts of the inquiry. *Id*. If she successfully carries this burden, the burden shifts to the Commissioner to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing. *Greenspan*, 38 F.3d at 236; *Kraemer v. Sullivan*, 885 F.2d 206, 208 (5th Cir.1989). When the Commissioner shows that the claimant is capable of engaging in alternative employment, "the ultimate burden of persuasion shifts back to the claimant," *Id*.; *accord Selders*, 914 F.2d at 618.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history," *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

Because plaintiff's Title II insured status expired on September 30, 2002, (Tr. 7), she must establish that she became disabled on or before that date to be eligible for benefits. *See Milan v. Bowen,* 782 F.2d 1284, 1286 (5th Cir. 1990). Evidence showing a degeneration of a claimant's condition after the expiration of [her] Title II insured status is not relevant to the Commissioner's Title II disability analysis." *See Torres v. Halala*, 48 F.3d 887, 894 n. 12 (5th Cir. 1995).

**Statement of Facts**

The plaintiff was 52 years old at the time of the hearing before the ALJ. (Tr. 257). She was 5'10" tall and weighed approximately 280 pounds. *Id*. at 258. Though she only completed the eleventh grade, she eventually obtained her GED. *Id*. at 257-58.

Plaintiff's past employment included work as a manager and owner of a flower shop, an

owner and manager of a convenience store, a sewing machine operator and a sewing room supervisor. (Tr. 258-59). Plaintiff last worked in March 2000. *Id.* at 258. She alleges she has been disabled since that time due to "marked narrowing and a herniated nucleus pulposus at the left paracentral L-5 level, heavy facet joint arthritis at the left L4-5 level, marked narrowing and a herniated nucleus pulposus at the left paracentral L4 level, a larger herniated nucleus pulposus at the L2 level which extruded into the spinal canal, back pain radiating down both legs, abdominal pain, elevated blood sugars, uncontrolled diabetes, decreased lumbar and cervical motion, hypothyroidism, fibromyalgia, and carpal tunnel syndrome." Plaintiff's Brief at p. 2.

**Findings of the ALJ**

The ALJ made the following findings:

1. The claimant has not engaged in "substantial gainful activity" at any time after the alleged disability onset date.
2. The record evidence fails to demonstrate that the claimant experiences any "severe" impairment.
3. The claimant's subjective complaints and hearing testimony are less than fully credible.
4. The claimant has not been under a "disability," as defined by the Act, at any time through the date of the decision.

(Tr. 28).

**Discussion**

In her Brief, plaintiff suggests that the issues before the Court are: 1) whether the Appeals Council "committed an error of law or fact" by denying review of the ALJ's decision; and 2) whether the Commissioner's decision to deny plaintiff's disability benefits was contradicted by substantial evidence. Plaintiff's Brief at p. 1. As there is no dispute regarding the propriety of plaintiff's statement of the issues, I find the issues presented by plaintiff are the only two issues before the Court on this appeal.

The Court will first consider the second issue presented by plaintiff. Plaintiff suggests at

substantial evidence supports a conclusion of disability. *See* Plaintiff's Brief at p. 2. However, the Court reminds plaintiff that the role of this Court is not to reweigh the evidence but, instead, determine whether substantial evidence supports the ALJ's findings. Having established this, the Court finds that substantial evidence in the record supports the ALJ's determination that plaintiff was not disabled.

Plaintiff contends the ALJ failed to consider the severity of her combined impairments. *See* Plaintiff's Brief at p. 2, 4-5. Plaintiff follows this argument with the suggestion that the ALJ erroneously assigned very limited weight to the opinion of Dr. Joseph Pratt, plaintiff's treating physician, and to plaintiff's MRI results of 2000. *Id*. at 5. Plaintiff also makes a general contention that "the doctors utilized by the government failed to consider all of the medical impairments, the MRI evidence and afflictions of the claimant." *Id*.

At step two of the sequential evaluation process, the ALJ found plaintiff had no severe impairment. (Tr. 26-9). In the Fifth Circuit, the standard for non-severity is as follows:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

*Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir.1984).

In this case, though the medical evidence of record indicates plaintiff had multiple herniated discs in her back, diabetes, hypothyroidism, arthritis by history, hypertension and fibromyalgia, both the records and reports of Drs. Charletta Scott and William Bell, dating from February 2001 through July 2002, confirmed plaintiff's ability to perform work activities during the relevant period had not been significantly affected. (Tr. 151-55, 163-170 ).

Plaintiff's treating physician drew the opposite conclusion, however. In September 2002, Dr. Pratt indicated plaintiff was unable to lift more than ten pounds occasionally and could only

lift less than ten pounds frequently due to low back pain. (Tr. 173). He also noted plaintiff could only stand for one hour in an eight-hour work day and sit for a total of two hours in the same period. (Tr. 174). He precluded all postural activities, (Tr. 174), and limited reaching, handling, fingering and feeling with the hands. (Tr. 175). Dr. Prat also noted numerous environmental limitations. (Tr. 176). He stated plaintiff's pain was severe to moderately severe. (Tr. 176). Finally, he indicated plaintiff's complaints were of a degree expected from her clinical diagnoses and that they were confirmed by objective findings. (Tr. 177). Dr. Pratt indicated that his diagnosis and plaintiff's physical limitations had existed since 2000. *Id.*

The ALJ assigned little weight to Dr. Pratt's opinion because it directly conflicted with the opinions of two physicians who had also examined plaintiff. Plaintiff suggests greater weight should have been given to Dr. Pratt's opinion because he was her treating physician. However, "'the Commissioner is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995) (*quoting Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir.1987)); *see also* 20 C.F.R. § 404.1527(c)(2) ("If any of the evidence in your case record, including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, we will weigh all the other evidence and see whether we can decide whether you are disabled based on the evidence we have ."). Based on this, I find substantial evidence supports the ALJ's rejection of Dr. Pratt's opinion and determination that plaintiff had no severe impairment.

As stated above, once there is a finding of no disability at any step of the evaluation process, the evaluation process stops. In this case, the ALJ found plaintiff did not have any severe impairments. Non-severe impairments are not disabling. *See* 20 C.F.R. § 416.9209(a)(4)(ii). Accordingly, I find substantial evidence supports the ALJ's determination that plaintiff was not disabled.

Lastly, the Court turns to plaintiff's challenge that the Appeals Council erroneously failed to consider new medical evidence submitted after the hearing. Plaintiff presents absolutely no argument on this issue. Nonetheless, the Court will address it briefly.

In support of her request for review of the ALJ's hearing decision, plaintiff submitted additional evidence, including hospital records from March 2003 and other medical records from Magnolia Regional Health Center for January and February 2004. (Tr. 6-7).

A request for Appeals Council review of an ALJ's decision is the fourth and final stage in the administrative process of adjudicating claims for benefits under the Social Security Act.[2] Social security regulations expressly authorize a claimant to submit "new and material" evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). However, the submission of new and material evidence does not require the Appeals Council to grant review of the decision. *See Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir.2001). "On the contrary, the regulations provide that the Appeals Council will grant review only if it finds that the ALJ's decision 'is contrary to the weight of the evidence currently of record.'" *Id*. (quoting 20 C.F.R. 404.970(b)). If the new evidence relates to a period before the ALJ's decision, the Appeals Council "shall evaluate the entire record including the new and material evidence submitted . . . [and] then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *See* 20 C.F.R. § 404.970(b) (emphasis added); *see also id.* § 416.1470(b).[3]

---

[2]The first three steps are the initial determination, reconsideration, and a hearing before an ALJ. *See* 20 C.F.R. §§ 404.900, 416.1400.

[3]Title 20 C.F.R. § 404.970 reads as follows: (b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals

8

In this case, the Appeals Council noted that because the ALJ decided plaintiff's case through the date she was last insured, September 30, 2002, the additional evidence was not relevant to the subject application for disability benefits. (Tr. 7). Specifically, the Appeals Council found the new evidence of plaintiff's hospitalization due to an acute infarction with unstable angina did not relate back to the period on or before the date plaintiff was last insured because plaintiff had no history of "significant heart disease." *Id.* Because the relevant medical evidence supports the Appeals Council's decision and because plaintiff has made no attempt to point to medical evidence contradicting said decision, I find the Appeals Council correctly denied plaintiff's application for review of the ALJ's decision. *See Torres, supra.*

**Conclusion**

Based on the foregoing, I find that substantial evidence supports the Commissioner's decision that plaintiff was not disabled for purposes of the subject application for benefits. Accordingly, the Commissioner's determination of no disability and the denial of disability benefits should be affirmed. A final judgment consistent with this opinion will be entered.

**THIS**, the 29th day of March, 2006.

/s/ Eugene M. Bogen
**U. S. MAGISTRATE JUDGE**

---

Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.